HON. NICHOLAS A. SORDI, JR. City Attorney, Glen Cove
We acknowledge receipt of your letter inquiring whether a contract which was let by your city after public bidding and is about to expire may be continued for a year or two without your city going through the formal procedure of advertising for bids and letting a new contract to the lowest responsible bidder. The contract is one under which a private concern receives garbage and rubbish collected by, and from within, the city and compacts it and removes it by truck to landfill areas outside the city; the expensive and bulky machinery and equipment used is owned by the private concern and has been placed upon city owned property; the city is in the process of creating its own disposal facilities but it will be a year or two before these go into operation. In view of all this it has been suggested that the burdensome problem of preparing advertisements and specifications for prospective bidders for a contract to run such a short time might be construed as a public emergency so that competitive bidding might be dispensed with.
The Charter of the City of Glen Cove § 3-2 authorizes the letting of a contract without competitive bidding in cases of "public emergency". General Municipal Law § 103, subdivision 4 provides, in part:
 "4. Notwithstanding the provisions of subdivision one of this section, in the case of a public emergency arising out of an accident or other unforeseen occurrence or condition whereby circumstances affecting public buildings, public property or the life, health, safety or property of the inhabitants of a political subdivision or district therein, require immediate action which cannot await competitive bidding, contracts for public work or the purchase of supplies, material or equipment may be let by the appropriate officer, board or agency of a political subdivision or district therein." (Emphasis supplied.)
We fail to see that a relatively short renewal of the existing contract constitutes or creates a public emergency under the provisions of the city charter or a public emergency arising out of an accident or other unforeseen occurrence or condition as contemplated by General Municipal Law § 103, subdivision 4. The termination of an existing contract can not be construed to be a public emergency.
In our opinion, the present contract can not be extended and it will be necessary to advertise for bids and award the contract to the lowest responsible bidder under the requirements of the Glen Cove City Charter § 3-2 and General Municipal Law § 103. Illustrative of the close scrutiny accorded claims of emergency is the enclosed copy of an opinion of Justice Miner handed down January 10, 1977, in Matter ofGeneral Building Contractors of New York State, Inc. v. State of NewYork, et al., from the Albany County Special Term of the Supreme Court held on December 28, 1976. See, also, the enclosed copy of an informal opinion of the Attorney General reported in 1972 Op. Atty. Gen. 169, and of two opinions of the Comptroller reported in 12 Compt. 6 and 223.
As a practical matter the present contractor will probably be able to submit the lowest bid for a renewal contract if bidding is required; it should not be too difficult to update the prior specifications which previously were used; and the term of the new contract to be entered into, if so stated in the specifications, can be for a minimum term of, for instance, one year and a maximum term of, for instance, four or five years, with a proviso that upon the completion of the city's contemplated facilities to dispose of its wastes and upon written notice given by the city of, for instance, 60 or 90 days, the proposed new contract will terminate; other possible time limitations or provisions also come to mind which could be incorporated therein.